# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-754V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| KEITH SNOW, *on behalf of* R.S., *a minor child*, | |
| Petitioner, | Filed: February 22, 2016 |
| v. | Decision by Stipulation; Damages; Influenza ("Flu") Vaccine; Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Anne Toale*, Maglio Christopher and Toale, Sarasota, FL, for Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On August 20, 2014, Petitioner Keith Snow filed a petition on behalf of R.S., a minor child, seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that R.S. suffered Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of the influenza ("flu") vaccine she received on October 25, 2013.

Respondent denies that R.S.'s CIDP and related medical problems were caused by the receipt of the flu vaccine. Nonetheless both parties, while maintaining their above-stated positions,

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C.A. § 300aa-10 to § 300aa-34 (2012).

agreed in a stipulation filed February 19, 2016, that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

a. An amount sufficient to purchase the annuity contract described in the stipulation, paid to the life insurance company from which the annuity will be purchased;

b. A lump sum of $53,036.55, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of R.S., in the form of a check payable jointly to Petitioner and

> Treasurer of the State of Connecticut
> Department of Administrative Services
> 165 Capital Avenue
> Hartford, CT 06106-1658
> ATTN: Reyne Maturo, Reimbursement Analyst
> Case Number: 3204093

Petitioner agrees to endorse this payment to the State; and

c. A lump sum of $154,452.00 in the form of a check payable to Petitioner as guardian/conservator of the estate of R.S., for the benefit of R.S. No payments shall be made until Petitioner provides Respondent with documentation establishing that he has been appointed as the guardian/conservator of R.S.'s estate.

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly filing notice renouncing their right to seek review.

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

KEITH SNOW, on behalf of R.S., a minor child,

    Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

    Respondent.

No. 14-754V
Special Master Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. Keith Snow ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of his minor child, R.S. The petition seeks compensation for R.S.'s injuries allegedly related to receipt of the influenza ("flu"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. R.S. received the flu immunization on October 25, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that R.S. suffered chronic inflammatory demyelinating polyneuropathy ("CIDP") that was caused-in-fact by her flu vaccine. Petitioner further alleges that R.S. experienced the residual effects of her injuries for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of R.S.'s condition.

6. Respondent denies that the flu vaccine caused R.S.'s alleged injury, any other injury, or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

    a. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");[1]

    b. A lump sum of **$53,036.55**, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of R.S., in the form of a check payable jointly to petitioner and

          Treasurer of the State of Connecticut
          Department of Administrative Services
          165 Capital Avenue
          Hartford, CT 06106-1658
    ATTN: Reyne Maturo, Reimbursement Analyst
          Case Number: 3204093

Petitioner agrees to endorse this payment to the State; and

    c. A lump sum of **$154,452.00** in the form of a check payable to petitioner as guardian/conservator of the estate of R.S., for the benefit of R.S. No payments shall be made until petitioner provides respondent with documentation establishing that he has been appointed as the guardian/conservator of R.S.'s estate. This amount represents all remaining compensation for all damages that would be

---

[1] Notwithstanding references herein to "the Life Insurance Company" or "the annuity contract," to satisfy the conditions set forth herein, in respondent's sole and absolute discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

2

available under 42 U.S.C. §300aa-15(a).[2]

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of R.S., pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner for the following items of compensation:

   a. For future unreimbursed medical insurance expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,452.00 to be paid up to the anniversary of the date of judgment in year 2031, for a total of 15 payments, all amounts increasing at the rate of five percent (5.0%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as R.S. is alive at the time

---

[2] This sum includes $4,452.00 for future life care plan expenses for the first year following the entry of judgment.

3

that a particular payment is due. Written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of R.S.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

13. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

4

14. Payments made pursuant to paragraphs 8 and 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of R.S., as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of R.S.'s estate under the laws of the State of Connecticut. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of R.S.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.S. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.S. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, and as legal representatives of R.S., on behalf of himself, R.S., and her heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought,

could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of R.S. resulting from, or alleged to have resulted from flu vaccination administered on or about October 25, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about August 20, 2014, in the United States Court of Federal Claims as petition No. 14-754V.

18. If R.S. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused R.S.'s CIDP or any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representatives of R.S.

END OF STIPULATION

7

Case 1:14-cv-00354-UNJ Document 31 Filed 02/19/16 Page 10 of 11

Respectfully submitted,

**PETITIONER:**

_KEITH SNOW_

**ATTORNEY OF RECORD FOR PETITIONER:**

ANNE CARRION TOALE
Maglio Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, MD
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U. S. Department of Health and
Humans Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated: February 19, 2016